ANDREWS, Judge.
The Town of Palm Beach, Florida, a municipal corporation, appeals a final decree requiring it to change the zoning classification on the property of the plaintiff, Anne Bates Leach, from “Residence A” to "Residence C”.
Plaintiff’s property is a single family residence located at the southwest comer of Ocean Boulevard and Royal Palm Way. Ocean Boulevard is an oceanfront street, and the home faces the ocean. Residence A is restricted to single family residence and certain other uses not important to this appeal. Residence C permits multiple family dwellings and other uses not important to this appeal.
At the time plaintiff purchased her property the property immediately to the south was vacant and zoned Residence C. At that time such classification permitted the construction of multiple family dwellings not exceeding three stories or forty feet in height. As a result of changes in the zoning ordinance and by variances being granted a four-story apartment house with a penthouse having a total height of 57 feet was constructed on said property.
A motel is located within one-half block west on Royal Palm Way. On the north side of Royal Palm Way within one-half block of plaintiff’s property a large brokerage firm operates a parking lot. On Ocean Boulevard in the block north of Royal Palm Way and within 200 feet thereof the city permitted the use of a part of certain lots for access to drive-in teller facilities of a large bank. In addition considerable frontage on Ocean Boulevard is zoned Residence C and thereby permits multiple family residential units.
As a result of the growth of the community, the cumulative effect of the changes in the zoning ordinances and the variances granted in the city’s zoning regulations, the character and use value as residential property of the plaintiff has been materially changed. To require that her property remain Residence A under the circumstances is arbitrary, unreasonable and discriminatory.
The city has shown no reasonable relationship between the needs of zoning restrictions and the public health, morals, safety or welfare sufficient to justify interference by exercise of the police power with the owner’s right to Residence C zoning classification. Although the case of Tollius v. City of Miami, Fla.1957, 96 So. 2d 122, presents a more flagrantly arbitrary, unreasonable and discriminatory exercise of municipal authority, the reasoning therein applies equally to the Leach property.
All other issues raised by this appeal have been considered. The holding herein makes discussion of such issues unnecessary.
Affirmed.
SMITH, C. J., and MELVIN, WOODROW M., Associate Judge, concur.